NOT DESIGNATED FOR PUBLICATION

No. 126,153

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

BRIAN E. BETTS,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; GUNNAR A. SUNDBY, judge. Oral argument held September 17, 2024. Opinion filed May 2, 2025. Reversed and remanded with directions.

*Kevin P. Shepherd*, of Ralston, Pope & Diehl, LLC, of Topeka, for appellant.

*Kayla Roehler*, deputy district attorney, *Mark A. Dupree Sr.*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before HURST, P.J., ISHERWOOD and PICKERING, JJ.

PICKERING, J.:  This appeal concerns the district court's denial of Brian E. Betts' third K.S.A. 60-1507 motion following an evidentiary hearing. On appeal, Betts claims the district court applied too high of an evidentiary standard and he met his burden to show his actual innocence claim warranted a new trial. After reviewing the record, we find Betts advocates for an incorrect evidentiary standard. Nonetheless the district court did, in fact, apply too high an evidentiary standard. Therefore, we reverse and remand with instructions to apply the correct legal standard.

1

The facts of the underlying criminal case were fully set forth in Betts' direct appeal and need not be repeated here. *State v. Betts*, 272 Kan. 369, 373-75, 33 P.3d 575 (2001) (*Betts I*). Relevant to this appeal, Betts and his cousin and codefendant, Celester McKinney, were convicted by a jury of the first-degree murder of Greg Miller in 1998.

In 2015, Betts filed several pro se motions which the district court collectively interpreted as a claim for relief under K.S.A. 60-1507. The court identified 12 claims, including ineffective assistance of trial counsel, ineffective assistance of his first habeas counsel, recanted testimony, and newly discovered evidence regarding recanted testimony by Betts' uncle, Carter Betts. The court summarily dismissed Betts' ineffective assistance of trial counsel and recanted evidence claims as successive but requested briefing on the other two claims. Ultimately, the court also denied these claims, finding Betts' claim of ineffective assistance of habeas counsel "merely sought to relitigate 'alleged trial errors [that] have previously been raised and ruled upon contrary to [Betts],'" and "the evidence [of recanted testimony] was not *new* evidence because it was known and reasonably available at the time of trial." *Betts v. State*, No. 120,092, 2019 WL 5485156, at *2-3 (Kan. App. 2019) (unpublished opinion) (*Betts II*). Betts appealed, and another panel of this court found: "Betts' claims were either successive or without merit . . . ." 2019 WL 5485156, at *6.

In August 2019, McKinney filed a K.S.A. 60-1507, claiming, among other things, that one of the investigating officers—Kansas City, Kansas Police Department (KCKPD) Detective Roger Golubski—was related to the victim and a witness and that Golubski had pressured Carter to change his testimony. The district court summarily denied the motion, and McKinney appealed. Another panel of this court remanded the case for the district court to hold an evidentiary hearing to determine Golubski's relationship to Miller's

2

family and whether Golubski procured false trial testimony from Carter. *McKinney v. State*, No. 122,359, 2020 WL 5849386, at *5 (Kan. App. 2020) (unpublished opinion).

Before McKinney's remanded case was heard by the district court, Betts filed his current K.S.A. 60-1507 motion in August 2021, claiming actual innocence. Betts argued he should receive a new trial because of Golubski's alleged involvement in the investigation. Referencing the revelations of Golubski's misconduct in *McIntyre v. Unified Government of Wyandotte County*, No. 18-2545, 2021 WL 3186802 (D. Kan. 2021) (unpublished opinion), Betts claimed Golubski had an undisclosed familial relationship to Miller and Golubski was one of the detectives who pressured Carter to give false testimony at trial.

Betts also claimed ineffective assistance of trial counsel. He alleged trial counsel failed to investigate "Golubski's biased involvement in his prosecution, including coercive tactics and the feeding of confidential information by Golubski to State's witnesses to bolster the chances of conviction." Despite previously raising this issue in his motion for new trial, Betts claimed that trial counsel's subsequent ineffectiveness and disbarment meant trial counsel's "credibility and lack of effort in defending cases would be reweighed in light of the new evidence against Roger Golubski."

The district court excused Betts' and McKinney's successive K.S.A. 60-1507 motions, extended the time limitation of K.S.A. 2021 Supp. 60-1507(f)(2) to prevent a manifest injustice, and conducted a two-day joint evidentiary hearing on Betts' and McKinney's K.S.A. 60-1507 motions. In its written journal entry, the court found "that the mere establishment of a familial relationship between Roger Golubski and the victim and eyewitness is not in and of itself evidence that a constitutional right of [Betts and McKinney] was denied." The court also found Betts and McKinney "failed to establish by a preponderance of the evidence that counsels were led to believe that Roger Golubski

3

was part of the investigation of Greg Miller and thus should have investigated his involvement." Therefore, the court denied the ineffective assistance claims.

The district court then addressed Golubski's involvement in the murder investigation. The court noted multiple witnesses testified that there was no evidence of Golubski's involvement. The court also pointed to Golubski's statement that he was not involved in the case.

The district court acknowledged that Betts' and McKinney's K.S.A. 60-1507 motions depended on Carter's testimony. Finding Carter not credible, the court explained:

> "With a finding that Carter Betts is not a credible witness at the 1507 hearing, there is not a preponderance of the evidence, *in the light most favorable to the State*, to warrant the setting aside of the convictions and granting a new trial." (Emphasis added.)

Accordingly, the district court denied Betts' and McKinney's K.S.A. 60-1507 motions. Betts' appeal followed.

ANALYSIS

*The District Court Did Not Apply the Correct Legal Standard When It Denied Betts' K.S.A. 60-1507 Motion*

*Standard of Review*

When the district court holds an evidentiary hearing on a K.S.A. 60-1507 motion, an appellate court reviews the district court's factual findings and legal conclusions under a mixed standard of review. *Balbirnie v. State*, 311 Kan. 893, 897-98, 468 P.3d 334 (2020). "On review, the appellate court's duty is limited to deciding whether the district

4

court findings, viewed in the light most favorable to the prevailing party, are supported by substantial competent evidence." *Khalil-Alsalaami v. State*, 313 Kan. 472, 491, 486 P.3d 1216 (2021). "Substantial competent evidence is defined as such legal and relevant evidence as a reasonable person might regard as sufficient to support a conclusion. Appellate courts do not reweigh the evidence or assess credibility of witnesses when assessing the district court's findings." *State v. Bates*, 316 Kan. 174, Syl. ¶ 4, 513 P.3d 483 (2022). Appellate courts then review de novo whether the supported factual findings warrant the district court's conclusions of law and its decision to either grant or deny the movant's K.S.A. 60-1507 motion. *Khalil-Alsalaami*, 313 Kan. at 486.

*Discussion*

A K.S.A. 60-1507 motion must be filed within one year of a defendant's conviction becoming final. K.S.A. 2024 Supp. 60-1507(f)(1)(A). A court can extend that time limit "only to prevent a manifest injustice." K.S.A. 2024 Supp. 60-1507(f)(2). A finding of "manifest injustice" by the district court "shall be limited to determining why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence." K.S.A. 2024 Supp. 60-1507(f)(2)(A). In support of an "actual innocence" claim, the prisoner is required "to show it is more likely than not that no reasonable juror would have convicted the prisoner in light of new evidence." K.S.A. 2024 Supp. 60-1507(f)(2)(A).

To prevail on a K.S.A. 60-1507 motion, the movant must show by a preponderance of the evidence that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or is otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." See K.S.A. 2024 Supp. 60-1507(b) (grounds for relief); Supreme Court Rule 183(g) (2025 Kan. S. Ct. R. at 238) (preponderance of evidence burden). In terms of relief, the district court "shall

5

vacate and set the judgment aside and shall discharge the prisoner or resentence said prisoner or grant a new trial or correct the sentence as may appear appropriate." K.S.A. 2024 Supp. 60-1507(b).

Additionally, courts are not "required to entertain a second or successive motion for similar relief on behalf of the same prisoner." K.S.A. 2024 Supp. 60-1507(c). When filing a successive K.S.A. 60-1507 motion, the movant must show "exceptional circumstances," meaning "'unusual events or intervening changes in the law that prevented the defendant [from] raising the issue in a preceding [K.S.A.] 60-1507 motion.'" *Beauclair v. State*, 308 Kan. 284, 304, 419 P.3d 1180 (2018) (*Beauclair I*). An actual innocence claim "qualifies as 'an unusual event.'" 308 Kan. at 304.

On appeal, Betts contends that he presented a sufficient case of actual innocence to obtain relief under K.S.A. 2021 Supp. 60-1507. He claims the district court held him to an improperly high burden of proof and that the district court improperly "substituted its own judgment for analyzing the credibility of Carter's recantation in light of the circumstantial evidence surrounding Golubski's involvement." He argues that he provided an "unrefuted" alibi and maintains that the State "had absolutely no case" without Carter's testimony. Betts claims that "[i]f the jury heard Carter's recantation with Mr. Betts' testimony and considered the lack of corroborating [evidence of guilt], the verdict would be in doubt." Betts argues that, "[i]f analyzed properly, sufficient evidence was present to warrant Mr. Betts a new trial."

The State responds that Betts asks us to reweigh the evidence and make our own credibility determinations. The State contends Betts' reliance on *Fontenot v. Crow*, 4 F.4th 982 (10th Cir. 2021), is misplaced because the *Fontenot* standard only applies when determining whether a K.S.A. 60-1507 movant hits the procedural bar to obtain an evidentiary hearing. The State asserts the district court held Betts to the correct burden of proof.

As discussed below, neither party is entirely correct. Betts merges the burden of proof required to avoid summary dismissal of a procedurally barred K.S.A. 60-1507 motion with the burden of proof at an evidentiary hearing on the merits of a K.S.A. 60-1507. The State is also incorrect. By viewing the evidence at Betts' K.S.A. 60-1507 evidentiary hearing "in the light most favorable to the State," the district court did not apply the correct burden of proof.

A. *Betts merges the burden required for a showing of actual innocence to overcome the time limitations of K.S.A. 60-1507(f)(1) with the burden to show he is entitled to relief under K.S.A. 60-1507(b).*

Betts faced two procedural hurdles to avoid having his K.S.A. 60-1507 motion summarily denied: He did not timely file his motion, and this is not his first K.S.A. 60-1507 motion. Nonetheless, a district court may extend the time limitation to prevent a manifest injustice, which includes a colorable claim of actual innocence. K.S.A. 2024 Supp. 60-1507(f)(2).

In a substantive claim of actual innocence, the defendant's claim is based on newly discovered evidence that shows the defendant is actually innocent, "even if the proceedings that had resulted in his conviction and sentence were entirely fair and error free." *Beauclair I*, 308 Kan. at 297-98 (quoting *Schlup v. Delo*, 513 U.S. 298, 314, 115 S. Ct. 851, 130 L. Ed. 2d 808 [1995]).

In a procedural actual innocence claim like Betts', the claim is not based solely on innocence but, also, "'that the ineffectiveness of his counsel . . . denied him the full panoply of protections afforded to criminal defendants by the Constitution.'" *Beauclair I*, 308 Kan. at 298 (quoting *Schlup*, 513 U.S. at 314). Thus, Betts' claim of actual innocence is a procedural claim which acts as a "'gateway through which a habeas petitioner must

7

pass to have his otherwise barred constitutional claim considered on the merits.'" 308 Kan. at 298-99 (quoting *Schlup*, 513 U.S. at 315).

> "When a K.S.A. 60-1507 movant advances a claim of actual innocence as a gateway to overcome the procedural bar of untimeliness under K.S.A. 60-1507(f), he or she is entitled to consideration of the merits of the motion if the claim of actual innocence meets the standard outlined in *Murray v. Carrier*, 477 U.S. 478, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986)." *Beauclair I*, 308 Kan. 284, Syl. ¶ 1.

The standard outlined in *Murray v. Carrier*, 477 U.S. 478, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986), mirrors the statutory language of K.S.A. 2017 Supp. 60-1507(f)(2)(A). *Beauclair I*, 308 Kan. at 301. A prisoner must show "it is more likely than not that no reasonable juror would have convicted the prisoner in light of new evidence." K.S.A. 2017 Supp. 60-1507(f)(2)(A).

In *Beauclair*, the defendant argued the district court erred when it summarily denied his successive, out-of-time K.S.A. 60-1507 motion. He asserted that he had "clearly stated in his K.S.A. 60-1507 motion that he is innocent of the crimes underlying his convictions, and that, further, his statement was made under oath and should therefore be taken as true at this stage of the proceedings." *Beauclair I*, 308 Kan. at 302. The Supreme Court found Beauclair's argument was "untenable" because "[t]he practical result of this court adopting Beauclair's position would be the evisceration of the one-year time limit." 308 Kan. at 302. Instead, the exception should be "'rare' and be applied only in the 'extraordinary' case." 308 Kan. at 302.

Notably, the *Beauclair I* court also stated it had "no hesitation in holding that a colorable claim of actual innocence based on a crime victim's recantation of the testimony that forms the basis for the charge against a defendant qualifies as 'an unusual event . . . that prevented the defendant [from] raising the issue' previously." 308 Kan. at 304. Ultimately, the Supreme Court remanded the case "to the district court for an

8

evidentiary hearing in which the judge hears live testimony on the gateway claim of actual innocence." 308 Kan. at 303. If the district court found Beauclair's gateway claim of actual innocence met the statutory burden, "the one-year time limit of K.S.A. 60-1507(f) should be excused and the district judge *should then address the merits* of Beauclair's K.S.A. 60-1507 motion." (Emphasis added.) *Beauclair I*, 308 Kan. at 303-04.

On remand, the district court "held an evidentiary hearing to determine if Beauclair could make a colorable showing of actual innocence, thereby permitting him to pursue this otherwise untimely and successive habeas corpus motion challenging [his] convictions." *Beauclair v. State*, No. 123,671, 2022 WL 17546264, at *1 (Kan. App. 2022) (unpublished opinion) (*Beauclair II*). The district court found that Beauclair "failed to carry that burden and denied the motion as procedurally barred . . . ." 2022 WL 17546264, at *1. On appeal, the *Beauclair II* panel affirmed. 2022 WL 17546264, at *5.

The procedural history of *Beauclair I* and *Beauclair II* demonstrates the distinction between when to apply the two burdens of proof. A prisoner asserting a colorable claim of innocence is required to show "it is more likely than not that no reasonable juror would have convicted the prisoner in light of new evidence" to receive an evidentiary hearing on the merits of the prisoner's untimely K.S.A. 60-1507 motion. K.S.A. 2024 Supp. 60-1507(f)(2)(A); see *Beauclair I*, 308 Kan. at 301. But at the evidentiary hearing, the prisoner must show by a preponderance of the evidence that he or she is entitled to relief. Rule 183(g).

Here, the district court reviewed the gateway procedural issue to prevent a manifest injustice and found the time limitation of K.S.A. 2021 Supp. 60-1507(f)(1) did not apply. See K.S.A. 2021 Supp. 60-1507(f)(2). Neither party has challenged that aspect of the district court's ruling, and we will not disturb it on appeal. Based on the district court's findings, Betts cleared the procedural hurdle to have his K.S.A. 60-1507 motion

9

heard on the merits, and the district court conducted an evidentiary hearing on the merits of his motion.

B. *The district court applied the wrong legal standard when considering the evidence presented at Betts' K.S.A. 60-1507 motion hearing.*

When it pronounced its ruling from the bench following the December 21, 2022 joint evidentiary motion hearing, the district court stated the appropriate standard was: "'In order to prevail after an evidentiary hearing, the Petitioner must establish by a preponderance of the evidence *that after viewing the evidence in the light most favorable to the state* that the Petitioner is entitled to relief.'" (Emphasis added.) In its journal entry of that hearing, the district court concluded: "With a finding that Carter Betts is not a credible witness at the 1507 hearing, there is not a preponderance of the evidence, *in the light most favorable to the State*, to warrant the setting aside of the convictions and granting a new trial." (Emphasis added.) This was not the appropriate burden of proof.

When viewing the evidence in the light most favorable to the State, the district court must resolve all facts and reasonable inferences drawn from the evidence in favor of the State. See *State v. Washington*, 293 Kan. 732, 734, 268 P.3d 475 (2012). As a result, a court may be prone to consider the evidence that supports only the State's position. Applying this standard improperly thus increases the burden of proof a prisoner must meet, especially in a habeas corpus action when a prisoner's liberty is at stake. See K.S.A. 2024 Supp. 60-1507(a) (habeas corpus action may only be filed when prisoner is "in custody").

The proper evidentiary standard when ruling on the merits of Betts' K.S.A. 60-1507 motion is a preponderance of the evidence that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." See K.S.A. 2021 Supp. 60-1507(b) (grounds for relief);

10

Rule 183(g) (preponderance of evidence burden). A "'preponderance of the evidence' means "'evidence which shows a fact is more probably true than not true."'" *State v. Barlow*, 303 Kan. 804, 810, 368 P.3d 331 (2016). There is no caselaw supporting the district court's "in the light most favorable to the State" language.

The district court quoted the language used by the State in its written closing arguments, where the State had cited *Jones v. State*, No. 119,947, 2019 WL 6334524, at *6 (Kan. App. 2019) (unpublished opinion), for the standard of review. The State identified the standard of review as: "In order to prevail after an evidentiary hearing, Petitioner must establish by a preponderance of the evidence, after viewing the evidence in the light most favorable to the State, that he is entitled to relief." But this is not the correct standard, and *Jones* does not apply this standard in this context. The State's language conflates the burden of proof for a K.S.A. 60-1507 motion—a preponderance of the evidence—with the standard by which appellate courts review sufficiency of the evidence claims. See *Wolfe Electric, Inc. v. Duckworth*, 293 Kan. 375, 407, 266 P.3d 516 (2011) ("'If the evidence, . . . when considered in the light most favorable to the prevailing party, supports the verdict, it will not be disturbed on appeal.'").

In *Jones*, the State prevailed at the evidentiary hearing on Jones' K.S.A. 60-1507 motion. Thus, on appeal the panel reviewed the evidence from the K.S.A. 60-1507 evidentiary hearing in the light most favorable to the prevailing party—the State. 2019 WL 6334524, at *5. *Jones* does not stand for the proposition that during an evidentiary K.S.A. 60-1507 hearing the district court must view the evidence in the light most favorable to the State. By analyzing Betts' claims in the light most favorable to the State, the district court applied an incorrect legal standard.

C.      *The appropriate remedy is a remand to apply the correct legal standard and make factual findings based on the facts in the record.*

The district court has already held an evidentiary hearing. That hearing lasted two days and featured numerous witnesses. Following the evidentiary hearing, the district court applied an incorrect legal standard. We cannot say which facts or inferences the district court resolved in favor of the State. See *State v. Berg*, 270 Kan. 237, 238, 13 P.3d 914 (2000). Appellate courts review factual findings made by the district court. We do not make factual findings. See *State v. Berriozabal*, 291 Kan. 568, 591, 243 P.3d 352 (2010). Thus, a remand to the district court is appropriate.

In *State v. Black*, No. 118,570, 2018 WL 6713965, at \*4 (Kan. App. 2018) (unpublished opinion), a panel of this court remanded to the district court to apply the correct legal standard based solely on the previously established record. Black pleaded guilty to two counts of attempted sexual battery and one count of domestic battery. Prior to sentencing, Black moved to withdraw his plea alleging, in part, ineffective assistance of counsel. The district court held a three-day evidentiary hearing before ultimately denying Black's motion to withdraw his plea.

On appeal, the *Black* panel noted the district court applied the wrong legal standard for evaluating Black's ineffective assistance of counsel claim when it applied the constitutional standard instead of the lackluster advocacy standard. The panel further noted the district court made factual mistakes regarding aspects of his competent counsel argument. The panel affirmed the district court regarding the remaining allegations. Ultimately, the panel remanded for the district court to reconsider "Black's claim that counsel failed to provide him with competent representation . . . by applying the correct legal standard . . . and by considering only those facts supported by the record." 2018 WL 6713965, at \*8.

As in *Black*, the appropriate remedy here is to remand to the district court. The district court may then consider whether Betts is entitled to relief under the appropriate legal standard—a preponderance of the evidence. As in *Black*, the district court can make the necessary findings based on the previously held evidentiary hearing; it is unnecessary to hold a new evidentiary hearing.

Reversed and remanded with directions.